UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
ROBERT JUDGE WILBER,                        )
                                            )
         Plaintiff,                         )
                                            )
v.                                          )   Civil Case No. 15-10170-JCB
                                            )
ROBERT CURTIS, BRIAN KINSELLA, and          )
MICHAEL ROGERS,                             )
                                            )
         Defendants,                        )
_____ )

## ORDER ON THE PARTIES' MOTIONS TO STRIKE

[Dkt. Nos. 53, 58, 66]

September 22, 2016

Boal, M.J.

This case arises out of the November 21, 2011 arrest of plaintiff Robert Jude Wilber. Wilber alleges, among other things, that his arrest, confinement, and prosecution were unlawful and deprived him of his constitutional rights. Dkt. No. 1-2 ("Complaint" or "Compl."). The parties in this case have each filed motions for summary judgment. Dkt. Nos. 44, 47. In addition, the defendants moved to strike portions of two affidavits submitted by Wilber (Dkt. Nos. 53, 66) and he in turn moved to strike portions of the defendants' statement of undisputed material facts (Dkt. No. 58). In order to determine which materials are properly before the Court for purposes of deciding the cross-motions for summary judgment, the Court must first determine the content of the summary judgment record. For the following reasons, this Court denies Wilber's motion and grants in part and denies in part the defendants' motions to strike portions of the record.[1]

---

[1] On April 28, 2015, all parties consented to the jurisdiction of the undersigned United States

1

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

On November 20, 2014, Wilber filed suit against Falmouth Police Officers Robert Curtis, Brian Kinsella, and Michael Rogers. Dkt. No. 1 at 1.[2] Wilber claims that on November 21, 2011, he was arrested by the defendants even though he had been engaged in protected protest activity. See Compl. ¶¶ 12-14, 46. Specifically, Wilber was protesting, inter alia, NSTAR's efforts to clear-cut the vegetation on his land. Id. ¶ 13. NSTAR possesses a deeded easement over a portion of his property, but Wilber believes that NSTAR's clear-cutting practices cause damage to his land. Id. ¶¶ 6, 13-14. After engaging with the police during his protest, Wilber was ordered to leave the easement area. Id. ¶ 26. When he refused, he was arrested and subsequently charged with one count of disorderly conduct. Id. ¶¶ 34, 37. As a result of this incident, Wilber alleges federal and state civil rights claims as well as common law tort claims for false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. Id. ¶¶ 47-52.

In connection with their summary judgment papers, Wilber and the defendants filed motions to strike portions of the record. Specifically, on March 11, 2016, the defendants moved to strike Wilber's first affidavit (Dkt. No. 46, "Wilber Aff. 1"), which was submitted in support of his motion for partial summary judgment. Dkt. No. 53. Also on March 11, 2016, Wilber moved to strike portions of the defendants' statement of undisputed material facts (Dkt. No. 49, "Def. SOF"). Dkt. No. 58. Wilber and the defendants opposed the motions to strike on March 23 and March 25, respectively. Dkt. Nos. 62, 65. Wilber filed a reply brief on April 6, 2016. Dkt. No. 71.

---

Magistrate Judge. Dkt. No. 25.

[2] When referring to the parties' pleadings and exhibits, the Court cites to the docket (ECF) page numbers rather than the page numbers in the original documents.

On March 25, 2016, the defendants filed a second motion to strike.  Dkt. No. 66.  In their second motion, the defendants make numerous objections to Wilber's second affidavit (Dkt. No. 54, "Wilber Aff. 2"), which was filed in support of his opposition to the defendants' motion for summary judgment.  Id.  Wilber opposed the defendants' second motion on April 6, 2016.  Dkt. No. 69.  The Court heard oral argument on April 27, 2016.  Dkt. No. 74.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 sets forth the rules governing summary judgment, including the procedures for supporting and/or objecting to a party's factual positions.  Fed. R. Civ. P. 56(c).  Only evidence that would be admissible at trial may be considered in connection with a motion for summary judgment, and a party may object to a fact on the basis that the material cited to support or dispute that fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2); see also Iorio v. Aramark Servicemaster, No. 03-40147-FDS, 2005 WL 3728715, at *6 (D. Mass. Sept. 30, 2005).  For that reason, hearsay evidence is inadmissible for summary judgment purposes "unless it falls within one of the exceptions specified in the Federal Rules of Evidence."  Ramirez Rodriguez v. Boehringer Ingelheim Pharm., Inc., 425 F.3d 67, 76 (1st Cir. 2005).

With respect to affidavits submitted in support of motions for summary judgment, they must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  "When an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed."  Colantuoni v. Alfred Galcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994) (citations omitted).  "The purpose of this sham affidavit rule is to protect the procedural integrity of summary

judgment." Mahan v. Boston Water & Sewer Comm'n, 179 F.R.D. 49, 53 (D. Mass. 1998). "If a party simply could offer a contradictory, post-deposition affidavit to defeat summary judgment without providing a 'satisfactory explanation' for the contradiction, the purpose of summary judgment would be defeated." Id. (citing Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2nd Cir. 1969)). However, "[a] subsequent affidavit that merely explains, or amplifies upon, opaque testimony given in a previous deposition is entitled to consideration in opposition to a motion for summary judgment." Gillen v. Fallon Ambulance Serv., Inc., 283 F.3d 11, 26 (1st Cir. 2002). The proponent of the challenged evidence bears the burden of proving admissibility. United States v. Bartelho, 129 F.3d 663, 670 (1st Cir. 1997).

### III.  DISCUSSION

#### A.  Wilber's Motion To Strike

Wilber objects to Def. SOF ¶¶ 8, 11, 16, 39, and 40 on various grounds, including that they contain hearsay. See Dkt. No. 58. After carefully reviewing the record and the parties' arguments, the Court finds that these statements are admissible and relevant to the issues in the instant action. Accordingly, for the reasons outlined herein, Wilber's motion is denied.

##### 1.  Def. SOF ¶ 8

Wilber moves to strike the statement in Def. SOF ¶ 8 that, "Mr. Swanson said that this area of power lines is owned by NSTAR." Dkt. No. 58 at 1-2. Wilber argues that it repeats incorrect information provided by an informant who was not competent to state who owned the area at issue. Id. at 1. Wilber admits that NSTAR owns the power lines and poles, but disputes NSTAR's ownership of the "area," generally. Dkt. No. 61 ("Wilber Resp. to Def. SOF") ¶ 8. Wilber does not challenge the statement's admissibility; rather, his objections regarding the competency of the speaker go to credibility. See Dkt. No. 58 at 1-2. Although Wilber seeks to

discredit the defendants' statement, this is not a basis for striking it.  Accordingly, the Court denies Wilber's motion to strike Def. SOF ¶ 8.

### 2. Def. SOF ¶¶ 11, 39

Wilber moves to strike the statements in Def. SOF ¶¶ 11, 39.  Dkt. No. 58 at 2-3.  The defendants state that Wilber "went into a high state of agitation after seeing the cutting crews on the easement behind his house."  Def. SOF ¶ 11.  They also state that Wilber eventually sat on the stump because he saw that he had lost and was feeling defeated and depressed.  Def. SOF ¶ 39.  Although Wilber admits these facts, he moves to strike them on the basis that they are irrelevant and immaterial.  Wilber's Resp. to Def. SOF ¶¶ 11, 39; Dkt. No. 58 at 2-3.  He does not challenge their admissibility.  These statements are relevant to Wilber's temperament as well as to the officers' reactions to Wilber in and around the time of his arrest.  Accordingly, the Court denies Wilber's motion to strike Def. SOF ¶¶ 11, 39.

### 3. Def. SOF ¶ 16

Wilber moves to strike the statement in Def. SOF ¶ 16 that, "the large wheeled clearing machine stopped for the tape to be removed."  Dkt. No. 58 at 2-3.  In his response, Wilber does not dispute the statement, but asserts that it is irrelevant.  Dkt. No. 61 at 2.  In his motion to strike, Wilber argues that this statement is speculative "as no competent witness has provided any information as to why the operator of the machine stopped where he did."  Dkt. No. 58 at 2.  The Court finds, however, that the statement is supported by the police report containing Officer Kinsella's observations that Wilber's actions "caused the large wheeled clearing machine to stop until the tape could be removed."  Dkt. No. 49-1 at 8.  Wilber also states that this fact is irrelevant.  The Court disagrees; the statement is relevant to, among other things, the defendants'

determination of probable cause. Accordingly, the Court denies Wilber's motion to strike Def. SOF ¶ 16.

####    4.    Def. SOF ¶ 40

Wilber moves to strike the statement in Def. SOF ¶ 40 that, "[t]he VCS employee was working with a chainsaw when [Wilber] sat on the stump about twelve feet away, and then the employee moved to get away from [Wilber]." Dkt. No. 58 at 3-4. Wilber argues that there is no competent evidence as to the employee's reasons for moving away from him. Wilber's Resp. to Def. SOF ¶ 40; Dkt. No. 58 at 3-4. The Court finds that this statement is supported by Wilber's own testimony that the worker "got up and walked away as the events at the stump played out. He removed himself." Dkt. No. 49-2 at 15. Wilber offers no other valid reason to strike this fact. Accordingly, the Court denies Wilber's motion to strike Def. SOF ¶ 40.

###    B.    Defendants' Motions To Strike

Defendants have filed two motions to strike. Dkt. Nos. 53, 66. In support of their motions, the defendants contend that Wilber Affs. 1 and 2 contain assertions that are irrelevant, inappropriate, and insufficient for purposes of summary judgment. Id. In particular, defendants take issue with Wilber's statements of fact, which they argue cite inappropriately to his own affidavits, rather than to deposition testimony.[3] Dkt. No. 66 at 1-2. Wilber counters that his affidavits contain admissible statements that, among other things, demonstrate his state of mind and are consistent with his prior deposition testimony. Dkt. No. 69 at 2.

After reviewing Wilber Affs. 1 and 2, the Court finds that with some exceptions, the statements contained therein are made on personal knowledge, set out facts admissible in

---

[3] Wilber's deposition was taken on August 24, 2015 and December 16, 2015, while Wilber Affs. 1 and 2 were signed on February 1, 2016 and March 5, 2016, respectively. Dkt. Nos. 49-2, 49-3, 46 at 1-6, 54.

evidence, and show that Wilber is competent to testify on the matters stated.  Furthermore, the Court finds that contrary to the defendants' assertions, the statements in the affidavits do not appear to contradict Wilber's prior deposition testimony.[4]

There are, however, some statements that put forth inappropriate legal conclusions, are irrelevant to the issues in dispute, and/or are otherwise inadmissible.  For these reasons, the Court strikes from Wilber Aff. 2: the first sentence of paragraph 34,[5] the first two lines of paragraph 35,[6] a portion of line two of paragraph 44,[7] and the second sentence of paragraph 62.[8]  Accordingly, the Court also strikes the legal conclusions in paragraph 20 of Wilber's 2nd SOF, see Dkt. No. 61 at 10-11 ("Dr. Wilber engaged only in non-violent protest activity"), to the extent that statement relies on the paragraphs struck from Wilber Aff. 2.  The defendants' motions to strike are otherwise denied.

Finally, the defendants argue that the Court should strike the contents of an audio disc on the basis that it was never provided to the defendants and has not been verified or authenticated.

---

[4] For example, defendants argue that Wilber cannot now claim that the yellow caution tape was a symbol of protest, see Wilber Aff. 1 at ¶ 9, because he previously testified that he strung yellow caution tape to measure erosion and sediment transport.  Dkt. Nos. 53 at 4; 66 at 4.  However, Wilber testified that the yellow caution tape used to monitor erosion had been hung approximately *two years* after his arrest.  Dkt. No. 57-1 at 17.  Accordingly, the testimony does not concern the yellow caution tape at issue here.

[5] The Court strikes the following sentence only: "At no time on November 21, 2011, did I engage in any fighting, fighting words, threats of violence, vulgar, obscene or lewd language or gestures, or any other activity which could, reasonably and in good faith, be considered to be 'disorderly'."  Wilber Aff. 2, ¶ 34.

[6] The Court strikes the following lines: "I did not in any way interfere with or obstruct the work being done by the VCS crew, as the yellow plastic tape did not and could not stop the machinery being used . . . ."  Wilber Aff. 2, ¶ 35.

[7] The Court strikes the following line: ". . . exercising my First Amendment right. . . ."  Wilber Aff. 2, ¶ 44.

[8] The Court strikes the following sentence: "I heard the Assistant D.A. tell the judge that there wasn't enough evidence to sustain the charges against me."  Wilber Aff. 2, ¶ 62.

Dkt. No. 53 at 1.  The Court did not receive the CD at issue.  Rather, the Court received a photocopy of a disc with what appears to be a transcript of the contents of the disc.  See Wilber Aff. 1, Ex. A-8.  No actual certified transcription has been provided and therefore, it is not clear that the contents of the disc are accurately reflected in the transcription.  Accordingly, the Court grants the defendants' motion to strike the photo copy of the disc and the purported transcription of its contents contained at Wilber Aff. 1, Ex. A-8.

## IV. CONCLUSION

For the reasons stated above, Wilber's motion is denied and the defendants' motions to strike are granted in part and denied in part in accordance with this order.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge